IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
11/06/2026
Clerk, U.S. District Court
By: KGS Deputy Clerk

WUILMER JOSE CARDENAS VARGAS,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
MARKWAYNE MULLIN, Secretary, DHS; and
DAVID VENTURELLA, Acting Director, ICE,

Respondents.

Case No. 26-3412-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition. Petitioner's motion for emergency relief (Doc. # 5) is **granted in part and denied in part**; the motion is granted with respect to the request for expedited consideration, but the motion is otherwise denied.[1]

Petitioner, a native of Venezuela, was paroled into the United States in 2023, and removal proceedings were initiated at that time. On August 16, 2026, petitioner was detained by immigration officials, and his parole was terminated. Petitioner filed the instant action on October 27, 2026. On October 30, 2026, the immigration court denied

[1] Petitioner's motion to proceed without payment of the filing fee (Doc. # 2) is hereby **denied as moot**.

petitioner's application for relief and granted petitioner voluntary departure, and petitioner waived appeal of that order (although he purports to have filed an appeal nonetheless). On November 2, 2026, petitioner filed the instant motion; respondents have filed an answer to the motion, and petitioner has filed a reply brief.

By his motion, petitioner requests expedited review of his petition, which the Court hereby grants by ruling on the petition by this order. By the petition, petitioner seeks confirmation of the statutory basis for his detention, and he appears to challenge his detention without an individualized custody determination or a bond hearing. Any such claim relating to the basis for his detention and the lack of a bond hearing, however, are presently at issue in a previous habeas case brought by petitioner in the United States District Court for the Eastern District of Missouri on September 1, 2026.[2] That court retains jurisdiction over that petition despite petitioner's transfer to a facility within this district. *See Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). Thus, petitioner's claim in this Court is duplicative, and the Court dismisses the claim accordingly.

Petitioner also appears to challenge his transfer to another facility without notice and a new custody determination. Any such claim would have arisen after he filed the previous habeas case; but petitioner has not cited any authority or explained why such a

[2] The district court's initial dismissal of the petition was vacated by the Eighth Circuit, which remanded with instructions to order a response to the petition, and the district court subsequently set a deadline for such a response.

transfer between facilities while still in the custody of immigration officials would require any particular process. The Court therefore denies that claim.

Finally, in light of the Court's denial of the petition, any further requests for relief in petitioner's motion are denied as moot.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for emergency relief (Doc. # 5) is **granted in part and denied in part**; the motion is granted with respect to the request for expedited consideration, but the motion is otherwise denied.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to proceed without payment of the filing fee (Doc. # 2) is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 6th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge